## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.:

SADIK OSMANOF,

      Plaintiff,

vs.

LTD FINANCIAL SERVICES, LP.,

      Defendant.

_____/

### COMPLAINT FOR VIOLATIONS OF THE FDCPA

1.     This action arises from violations of the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692 *et. Seq.*, by LTD FINANCIAL SERVICES, LP ("Defendant"). The FDCPA broadly prohibits any false, deceptive, or misleading communication made in connection with the collection of a debt.

### JURISCITION AND VENUE

2.      This Court has jurisdiction under 28 U.S.C. § 1331. This action arises under a federal statute. *See Mims v. Arrow Financial Services, LLC.,* 132 S. Ct. 740, 565 U.S., 181 L. Ed. 2d 881 (2012). Venue in this District is proper because Defendant does business in the District and the acts or omissions giving rise to the claims asserted herein occurred here.

### PARTIES

3.     Plaintiff, SADIK OSMANOF ("Plaintiff"), is a natural person who, at all times relevant herein was a resident of Broward County, Florida.

4.     Defendant, LTD FINANCIAL SERVICES, LP, is a foreign corporation whose principal office is located at 7322 SW Freeway, Ste. 1600, Houston, TX 77074 and whose registered agent

for service of process in the state of Florida is Corporation Service Company located at 1201 Hay Street, Tallahassee, FL 32301.

## FACTUAL ALLEGATIONS

5.      On or about January 8, 2015, Defendant, LTD FINANCIAL SERVICES, LP, sent Plaintiff the letter attached as Exhibit "A" seeking to collect an alleged debt.

6.      Defendant is licensed in the State of Florida as a consumer collection agency, and at all times relevant herein, was a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

7.      Plaintiff received the aforementioned letter sometime after January 8, 2015.

8.      The alleged debt arose from one or more personal, family, or household transaction, and is therefore, a "debt" within the meaning of 15 U.S.C. § 1692a(5), specifically, a debt related to disputed costs and fees associated with an HSBC Bank credit card.

9.      Among the debts Defendant attempts to collect are debts barred by the statute of limitations.

10.     The alleged debt that Defendant seeks to collect from Plaintiff is barred by the applicable statute of limitations.

11.     Because the Plaintiff is a natural person obligated or allegedly obligated to pay a debt, she/he is a "consumer" within the meaning of 15 U.S.C. § 1692(3).

## ANALYSIS

12.     Abusive practices arising from the collection of time-barred debt are not uncommon. *see* Federal Trade Commission, Collecting Consumer Debt; The Challenge of Change, A Workshop Report at 27-29 (Feb.2009); *see also FTC v. Asset Acceptance, LLC.,* Case No.: 8:12CV182 (M.D. Fla. January 31, 2012) available at http://www.ftc.gov/opa/2012/01/asset.shtm (settlement and payment of civil fine for attempting to collect on time-barred debt); *In re. Am. Express*

*Centurion Bank, Salt Lake City, Utah,* FDIC-12-316k, 2012-CFPB-0002 (October 1, 2012), at 6-7 (Joint Consent Order, Joint Order for Restitution, and Joint Order to Pay Civil Money Penalty), available at http://files.consumerfinance.gov/f/2012-CFPB-0002-American-Express-Centurion-Consent-Order.pdf (consent agreement requiring bank to provide certain disclosure when attempting to collect time-barred debts).

13.     The profit potential associated with the collection of time-barred debt presents an irresistible temptation to debt collectors. A recent FTC study found that debt buyers paid on average 3.1 cents per dollar of debt for debts that were 3 to 6 years old and 2.2 cents per dollar for debts that were 6 to 15 years old compared to 7.9 cents per dollar for debts less than 3 years old. Finally, debt buyers paid effectively nothing for accounts that were older than 15 years. *See McMahon v. LVNV Funding, LLC.,* 744 F.3d 1010 (7th Cir. 2014) (quoting Fed. Trade Comm'n The Structure and Practice of the Debt Buying Industry 47 (2013) (FTC Report 2013)).

14.     The alleged debt at issue is one such debt.

15.     The Federal Trade Commission has determined that "most consumers do not know their legal rights with respect to collection of old debts past the statute of limitations… When a collector tells a consumer that he/she owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/asset.shtm).

16.     Recently, in *McMahon,* 744 F.3d, the Court of Appeals opined on the views of the Federal Trade Commission, the Consumer Finance Protection Bureau, the Federal Deposit Insurance Corporation, the Federal Reserve Board, and the Office of Comptroller of the Currency, noting, "As those agencies had argued in the other cases, the court held that when 'collecting on a time barred debt a debt collector must inform the consumer that the collector

cannot sue to collect the debt and that providing a partial payment would revive the collector's ability to sue on the balance." The Court therefore concluded, "… an unsophisticated consumer could be misled by a dunning letter for a time-barred debt, especially a letter that uses the term "settle" or "settlement."

17.    Exhibit "A", is a settlement offer and contains some of the following statements:

- "A SETTLEMENT IN FULL OFFER"

- "Acceptance of this settlement offer, selecting a repayment option and payment by the due date will satisfy this debt with the current creditor."

- "PAYMENT PLAN 1 – Make 1 payment of $627.73 due 1/29/2015. – YOU SAVE: $556.67"

- "PAYMENT PLAN 2 – Make 3 payments of $228.99 with the first payment due 1/29/2015. Successive payments are due the 29th of each month. – YOU SAVE: $497.43"

- "We are not obligated to renew this offer."

18.    Defendant failed to inform Plaintiff that the debt is time- barred and that Plaintiff cannot sue Defendant to collect said debt.

19.    In addition, Defendant failed to disclose to Plaintiff that by providing a partial payment, he/she would revive the collector's ability to sue on the balance.

20.    Statements like, "The Full Settlement *must be received* in our office by an agreed upon date," implies that the Plaintiff has a legal obligation to pay when, in fact, no such obligation exists. Id.

21.    "If a consumer received an 'offer for settlement' and searched on Google to see what is meant by 'settlement,' he or she might find the Wikipedia entry for 'settlement offer.' *Settlement*

*offer,* WIKIPEDIA, (Mar. 10, 2014 at 4:06 pm), http://en.wikipedia.org/wiki/Settlement_offer. There he/she would learn that the term 'offer to settlement' I 'used in a civil lawsuit to describe a communication form one party to that other suggesting a settlement – an agreement to end the lawsuit before a judgment is rendered." *McMahon,* 744 F.3d at 1021.

22.    "If unsophisticated consumers believe either that the settlement offer is their chance to avoid court proceedings where they would defenseless, or if they believe the debt is legally enforceable at all, they have been misled, and the debt collector violated the FDCPA." *Id,* at 1022.

23.    In relation to the issue of revival of a debt from partial payment, The United States Court of Appeals for the Sixth Circuit in *Buchanan v. Northland Group, Inc.*, Case No.: 13-2523 (January 13, 2015) held the following: "The other problem with the letter is that an unsophisticated debtor who cannot afford the settlement offer might nevertheless assume from the letter that some payment is better than no payment. Not true: Some payment is worse than no payment. As a result, paying anything less than the settlement offer exposes a debtor to substantial new risk. This point is almost assuredly not within the ken of most people, whether sophisticated, whether reasonably unsophisticated, or whether unreasonably unsophisticated. It is thus not hard to imagine how attempts to collect time- barred might mislead consumers trying their best to repay. *See McMahon*, 744 F.3d at 1021. Without disclosure, a well- meaning debtor could inadvertently dig herself into an even deeper hole. *See* Debt Collection, 78 Fed. Reg. at 67,876 ("[C]onsumers may believe that when they make a partial payment but in many circumstances that is not true.").

## COUNT I

24.    Plaintiff incorporates the foregoing paragraphs as if fully set forth herein.

25.     Defendant engaged in unlawful and deceptive acts in connection with the collection of a debt, in violation of 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(10), and 1692f, by sending the Plaintiff a collection letter on a time-barred debt without disclosure of the fact that payment may revive the debt and by couching the demand as a "Settlement in Full Offer," thus implying that Plaintiff has a legal obligation to pay.

26.     As a result of Defendant conduct, Plaintiff is entitled to statutory damages pursuant to 15 U.S.C. § 1692k.

27.     Plaintiff is also entitled to costs and reasonable attorney's fees pursuant to 1692k.

**WHEREFORE,** Plaintiff requests that this Court enter judgment in his/her favor and against Defendant for:

a.   Statutory Damages pursuant to 15 U.S.C. § 1692k;

b.   Attorney's fees, litigation expenses and costs of the instant suite; and

c.   Such other or further relief as the Court deems appropriate.

**JURY DEMAND**

Plaintiff demands trial by Jury.

Dated: February 3, 2015

Christopher W. Legg, P.A.
Attorney for Defendant
3837 Hollywood Blvd., Ste B
Hollywood, FL 33021
Telephone:  (954) 235- 3706
ChrisLeggLaw@gmail.com


By: /s/ *Christopher Legg*
CHRISTOPHER W. LEGG, ESQ
Florida Bar No.: 44460